UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MAXINE TAYLOR, *individually and as executrix of the estate of Margaret M. Pichey*,

            Plaintiff,

    v.

PRINCIPAL LIFE INSURANCE COMPANY[1] and KEYBANK NATIONAL ASSOCIATION,

            Defendants.

───────────────────────────────

21-CV-314-LJV
DECISION & ORDER

On October 7, 2020, the plaintiff, Maxine Taylor, commenced this action in the Supreme Court of the State of New York, County of Niagara.  Docket Item 1-1.  With the consent of defendant Principal Life Insurance Company ("Principal"), defendant KeyBank National Association ("KeyBank") removed the action to this Court.  Docket Item 1.  A short time later, Taylor filed an amended complaint.  Docket Item 10.

Taylor alleges that her friend, Margaret M. Pichey, purchased an annuity from Principal through its agent, KeyBank, *id.* at ¶ 13, and that shortly before Pichey's death, Pichey made Taylor the designated beneficiary on the annuity, *id.* at ¶¶ 14-17, 34, 41.  On her own behalf, Taylor alleges that as the third-party beneficiary of the annuity contract, she is entitled to payment of the proceeds of the annuity and that both

───────────────

[1] On March 12, 2021, Taylor filed an amended complaint removing Principal Securities, Inc., as a defendant and substituting Principal Life Insurance Company in its place.  Docket Item 10.  The Clerk of the Court shall correct the case caption accordingly.

Principal and KeyBank have breached the annuity contract with Pichey. *Id.* at ¶¶ 40-41. As executrix of Pichey's estate, Taylor asserts a breach of contract claim seeking the same relief against both Principal and KeyBank. *Id.* at ¶¶ 33-35. And she also claims that both defendants were negligent in servicing Pichey's annuity contract and thereby caused the present dispute about who is the rightful beneficiary. *See id.* at ¶¶ 25-27, 30-32.

In April 2021, Principal and KeyBank each moved to dismiss the amended complaint, arguing that Taylor failed to state a claim for which relief can be granted. Docket Items 12 and 15. On June 16, 2021, Taylor responded and withdrew her negligence claims against both defendants. Docket Item 17. On August 8, 2021, Principal and KeyBank each replied. Docket Items 21 and 22.

For the following reasons, Principal's and KeyBank's motions to dismiss will be granted unless Taylor amends her complaint, within 60 days, to address the deficiencies noted below.

## FACTUAL ALLEGATIONS

On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trustees of Upstate New York Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)). The Court also may consider any "documents [] in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus.*, 949 F.2d at 47-48). Taylor's amended complaint refers to three documents that defendant Principal

attached to its submissions: Pichey's application for an annuity, Docket Item 12-2 at 22-27; the change of beneficiary form, *id.* at 48-51; and a November 13, 2019 letter from Principal to Pichey, *id*. at 80.[2]  In light of this standard and these documents, the amended complaint tells the following story.

Pichey, through the services of Principal's agent, KeyBank, purchased an annuity from Principal.  Docket Item 10 at ¶ 13; *see* Docket Item 12-2 at 22-27 (annuity application).  The annuity provided that on Pichey's death, Principal would pay the proceeds of the annuity to the designated beneficiary.  Docket Item 10 at ¶ 13.  Initially, Pichey named family members as the designated beneficiaries.  Docket Item 12-2 at 22.  But in November 2019, Pichey's health was rapidly declining, and Pichey sought to change the designated beneficiary.  Docket Item 10 at ¶ 15.  Accordingly, on November 4, 2019, Pichey visited a KeyBank branch in Lockport, New York, to make Taylor the designated beneficiary on the annuity.  *Id.* at ¶¶ 14-15.

At the Lockport KeyBank, Pichey met with Michelle Hamilton, an employee of KeyBank, and told Hamilton that she wanted to make Taylor the designated beneficiary of the annuity.  *Id.* at ¶ 14.  Hamilton provided Pichey with a form to sign and said that the form would make Taylor the beneficiary.  *Id.* at ¶ 16.  Pichey signed the form and left the Lockport KeyBank believing she made Taylor the beneficiary of the annuity.  *Id.* at ¶ 17.

The form was filled out as follows:  the contract number for the annuity, 8822294, was listed as the "[p]olicy [n]umber"; Pichey was listed as "the [i]nsured" whose life was

---

[2] Taylor also attached two of these documents—the change of beneficiary form and the letter—to her original complaint, *see* Docket Item 1-1 at 10-14, but did not attach them to her amended complaint.

covered; and Taylor was listed as the primary beneficiary.  Docket Item 12-2 at 48-49.
In addition, under the heading "[i]mportant information about changing your policy
beneficiary," the form noted that it "must be completed, signed, received in, and
approved by [Principal's] office to effect a change of your policy[] beneficiary."  *Id.* at 48
(bold emphasis omitted).

As it turned out, that was the wrong form.[3]  Docket Item 10 at ¶ 18.  On
November 13, 2019, Principal sent Pichey a letter acknowledging that it received her
request to change the beneficiary designation on her annuity.  *Id.*; *see* Docket Item 12-2
at 80.  In that letter, Principal also explained that to make the proposed changes to the
beneficiary, Pichey needed to complete a different form.  Docket Item 10 at ¶ 18; *see*
Docket Item 12-2 at 80.  Pichey never completed the correct form, however, and on
December 2, 2019, she passed away.  Docket Item 10 at ¶ 19.

After Pichey's death, Kevin Mashburn, a representative of either KeyBank or
Principal, contacted Taylor to discuss financial planning.  *Id.* at ¶ 21.  At that time,
Mashburn "mentioned the error" of Pichey's signing the incorrect form to change the
beneficiary on the annuity and advised that the error would be corrected.  *Id.*  But during
a subsequent meeting, Mashburn said the opposite: that Principal would not honor the
form signed by Pichey and would not pay Taylor the proceeds of the annuity.  *Id.* at ¶
22.

---

[3] As Principal notes in its motion papers, the form that Pichey completed was a
change of beneficiary form for life insurance, not an annuity.  Docket Item 12-1 at 12.
That is why it asked for the name of an "insured" whose life was covered and a "policy
number"—neither of which pertain to an annuity contract.  *Id.*

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**DISCUSSION**

**I.   NEGLIGENCE CLAIMS**

Principal and KeyBank argue that Taylor's negligence claims must be dismissed because the economic loss doctrine bars such claims.[4]  Docket Item 12-1 at 19-20; Docket Item 15-1 at 5-6.  In response, Taylor has withdrawn her negligence claims against both defendants.  Docket Item 17 at 4.  Therefore, the defendants' motions to dismiss Taylor's negligence claims are denied as moot.

---

[4] Under the economic loss doctrine, when a plaintiff alleges primarily economic loss as the injury, the usual course of redress is a breach of contract claim, not a tort claim.  *Grund v. Delaware Charter Guarantee & Tr. Co.*, 788 F. Supp. 2d 226, 246 (S.D.N.Y. 2011).

## II.   BREACH OF CONTRACT

Principal and KeyBank[5] also argue that Taylor's breach of contract claims must be dismissed because the change of beneficiary form completed by Pichey on November 4, 2019, was not a valid contract and therefore could not be breached. Docket Item 12-1 at 24-26; Docket Item 15-1 at 6-7.  In response, Taylor does not argue that the change of beneficiary form was a valid contract separate from the annuity contract.  *See* Docket Item 17 at 6-9.  Instead, she argues that Pichey needed only to substantially comply with the method prescribed by Principal to change her beneficiary and that what Pichey did was sufficient to make Taylor the beneficiary of the annuity contract.  *Id.*

Principal and KeyBank reply that the substantial compliance doctrine does not apply to Taylor's case; that strict compliance is required; and that, in any event, Taylor has failed to allege that the requirements of substantial compliance have been met.[6] Docket Item 21 at 8-15; Docket Item 22 at 6.  This Court agrees.

---

[5] In its reply, KeyBank also argues that Taylor's breach of contract claims against it should be dismissed because KeyBank was not a party to the annuity contract. Docket Item 22 at 4-5.  KeyBank did not include this argument in its motion to dismiss. *See* Docket Item 15-1 at 6-7.  In any event, because this Court finds that Taylor has failed to state a breach of contract claim on other grounds, it need not and does not reach KeyBank's argument that it was not a party to the contract.

[6] As a threshold matter, the defendants also argue that this Court should not consider Taylor's "substantial compliance" argument because it asserts a new claim and Taylor did not ask for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15.  Docket Item 21 at 7-8; Docket Item 22 at 4-6.  And given that Taylor pleads breach of contract, *see* Docket Item 10 at ¶¶ 33-41, but her substantial compliance argument sounds in equity, not law, the defendants may be correct that Taylor's response seeks to assert a new claim.  Regardless, because this Court finds that the substantial compliance doctrine does not apply and dismisses Taylor's case, it need not reach that argument.

To effect a change of beneficiary under New York law,[7] "the method prescribed by the insurance contract must be followed." *McCarthy v. Aetna Life Ins. Co.*, 92 N.Y.2d 436, 440, 704 N.E.2d 557, 560 (1998). But when an insurer brings an action in interpleader, it "waives strict compliance with the policy provisions." *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 365 (S.D.N.Y. 2008) (citing *Lopez v. Massachusetts Mut. Life Ins. Co.*, 170 A.D.2d 583, 584, 566 N.Y.S.2d 359, 360 (2d Dep't 1991)). So in an interpleader action—that is, when the insurer has deposited the policy proceeds into court—substantial compliance applies. *Id.*

But this action is not an interpleader initiated by Principal, and Principal therefore has not waived strict compliance with the annuity provisions. Even Taylor seems to acknowledge that, noting in her response that "[g]enerally, the affirmative act rule applies where the insurance company has initiated an interpleader proceeding." Docket Item 17 at 7. But Taylor nevertheless argues that a court may apply the doctrine of substantial compliance "where the intention of the policy holder is so clear." *Id.* at 7-8.

In support of her argument, Taylor cites *Schoenholz v. New York Life Ins. Co.*, 234 N.Y. 24, 136 N.E. 227 (1922)—a non-interpleader case. Docket Item 17 at 8. Although *Schoenholz* recognized an exception to strict compliance, *see* 234 N.Y. at 29-

---

[7] In a diversity case such as this, the Court applies the choice of law rules of the forum state—here, New York State. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). In contract cases, New York courts apply a "center of gravity" or "grouping of contacts" approach. *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997). Among other factors, courts may consider the place of contracting, the place of negotiation, and the domicile of the contracting parties. *See id.* Here, New York was the place of contracting and negotiation, and Pichey was domiciled in New York—suggesting that New York law applies. Moreover, the parties rely on New York law in their briefs, *see* Docket Items 12-1, 15-1, 17-1, 21, 22, and do not seem to dispute that New York law applies in this action.

30, 136 N.E. at 228, it did not sweep as broadly as Taylor argues.  Instead, it limited the exception to situations where an individual "claim[s] to have been designated as a beneficiary [in exchange] for [] valuable consideration."  *Id.*  In such a case, strict compliance with the policy provisions will be excused provided that an "attempt at [] compliance [with the policy provisions] has been substantial and its full success [was] prevented by some cause not within the control of the person attempting to make the change."  *Id.*

Because Taylor does not allege that she gave Pichey anything to be named beneficiary,[8] this exception does not help her.  And even if it did, Taylor has not alleged that the requirements of substantial compliance have been met here.

Under the doctrine of substantial compliance, a change of beneficiary will be given effect if "the insured took 'an affirmative act or acts to accomplish a change of beneficiary, and these affirmative act or acts . . . accomplished all that it was in [her] actual power to do to change beneficiaries.'"  *William Penn Life*, 569 F. Supp. 2d at 365-66 (quoting *Sun Life Assur. Co. of Canada (U.S.) v. Gruber*, 2007 WL 4457771, at *18 (S.D.N.Y. Dec. 14, 2007)).  Intent alone is not enough.  *Id.*  The insured also must have "done all that was reasonably possible to do to show [her] intention" or made "every reasonable effort to comply with the policy requirements."  *McCarthy*, 92 N.Y.2d at 440, 704 N.E.2d at 560 (internal citations and quotation marks omitted).

---

[8] Taylor alleges in the amended complaint that Pichey paid fees to KeyBank or Principal to change the beneficiary on November 4, 2019.  Docket Item 10 at ¶ 34.  But in an affirmation attached to the response to the motions to dismiss, her attorney states the opposite: that no fees were paid on November 4, 2019, to change the beneficiary. Docket Item 17 at 2.  In any event, nowhere does Taylor allege that she *herself* paid a fee or gave some consideration to Pichey to become the named beneficiary.

Here, Taylor has not alleged that Pichey did "all that was reasonably possible" to demonstrate her intention.  Taylor alleges that Pichey's health was in "rapid decline" at the time of her visit to KeyBank on November 4, 2019, to change the beneficiary to Taylor.  Docket Item 10 at ¶ 15.  She alleges that Principal sent Pichey a letter around November 13, 2019, rejecting her change of beneficiary form and providing her with instructions about how to properly designate Taylor as the beneficiary.  *Id.* at ¶ 18.  And she alleges that a few weeks later, Pichey passed away.  *Id.* at ¶ 19.  But other than alleging that Pichey's health was in "rapid decline," the amended complaint does not say anything about Pichey's capabilities in November 2019.  In particular, Taylor does not explain why Pichey could visit KeyBank on November 4, 2019, and complete a form but then could not complete and return the form mailed by Principal nine days later.

Taylor argues that Pichey's death "precluded any further efforts . . . to repair the mistakes."[9]  Docket Item 17 at 9.  But mere proximity between death and a failed attempt to change a beneficiary is not enough to show substantial compliance with a change of beneficiary provision; the policy holder also must have done all that was reasonably possible to demonstrate her intention.  *McCarthy*, 92 N.Y.2d at 440, 704 N.E.2d at 560.  And there are no allegations to that effect in the amended complaint here.

*John Hancock Mutual Life Insurance Co. v. McManus*, 247 A.D.2d 513, 513-14, 669 N.Y.S.2d 320, 321 (2d Dep't 1998), illustrates the point.  In that case, as in this

---

[9] Although this conclusory allegation is in Taylor's response to the motion to dismiss, it is notably absent from the amended complaint.  And it does not speak to any efforts Pichey could have taken between November 4, 2019, and her passing or address why she did not or could not take those steps.

case, the policy holder submitted a change of beneficiary form and the insurer notified her that the form was incorrectly completed; in that case, as in this case, the insurer provided a new form, but the policy holder passed away about a month later without ever submitting the new form. *Id.* The court held that the change in beneficiary was not effective, reasoning that even if the policy holder's attempt to change the beneficiary demonstrated intent, she still could have submitted, but did not submit, the new form during the month before her death. *Id.*

Similarly, Pichey could have submitted the form that Principal mailed to her. Perhaps she changed her mind; perhaps she simply did not get around to it; perhaps her illness and infirmity prevented her from doing what she intended. But to the extent that she could not submit it because it was not reasonably possible for her to do so, that allegation is absent from the amended complaint. *See* Docket Item 10.

In short, the exceptions to strict compliance do not apply to Taylor's case as alleged in her amended complaint, and even if they did, Taylor has not adequately alleged that the prerequisites of substantial compliance have been met. And just as Taylor has not pleaded that Pichey substantially complied with the change of beneficiary provisions, she likewise has not pleaded that Pichey strictly complied with change of beneficiary provisions either.

## III.   LEAVE TO AMEND

Taylor has not asked for leave to amend her complaint. Nevertheless, because leave to amend should be "freely given" whenever a complaint is dismissed, *see*

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), Taylor may file an amended complaint, within 60 days, that addresses the deficiencies noted above.[10]

## **CONCLUSION**

For the reasons stated above, Principal's motion to dismiss, Docket Item 12, and KeyBank's motion to dismiss, Docket Item 15, will be granted unless Taylor amends her complaint, within 60 days, to address the deficiencies noted above.  To survive another motion to dismiss, any amended complaint must allege either that an exception to strict compliance triggers the substantial compliance doctrine and that the requirements of substantial compliance have been met or that some other legal theory makes Taylor's action viable.  No later than 30 days after any amended complaint is filed, Principal and KeyBank may answer, move against, or otherwise respond to the second amended complaint.  If Taylor does not file a second amended complaint within 60 days, then her amended complaint will be dismissed, and the Clerk of the Court shall close this case without further order.

SO ORDERED.

---

[10] Taylor does not allege that the defendants somehow waived their legal right to deny payment or that they should be estopped for some reason from raising the arguments on which they now rely.  This Court therefore does not address those possibilities.

Dated:   February 7, 2022
         Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE